## UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| XYZ CORPORATION,<br><br>                                  Plaintiff,<br><br>- against –<br><br>THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>                                Defendants, | Case No. 1:23-cv-24601-CMA |

### MOTION TO DISMISS

Defendants, "Yihaiyang," "Haoluo," and "zixiaxu" (collectively "Defendants" hereafter), by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby requests that this Court dismiss the Complaint [DE 1] and the Amended Complaint [DE 6] filed under seal, and state as follows:

### I. LEGAL STANDARD

"Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6)." *Vazquez v. Insight Behavioral Health Specialists*, No. 6:16-cv-1827-Orl-22GJK, 2017 U.S. Dist. LEXIS 161692, at *5 (M.D. Fla. Apr. 20, 2017).

"In deciding a Rule 12(b)(6) motion to dismiss, a court must accept all factual allegations in the complaint as true and read them in the light most favorable to the plaintiff." *Id.*, quoting *Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S.Ct. 2179, 2182, 153 L.Ed.2d 413 (2002).

### II. ARGUMENT AND MEMORANDUM OF LAWS

**A. Motion to Dismiss Count I - INFRINGEMENT OF UNITED STATES PATENTS NO. D984,688 S, D984,689 S, D984,690 and D994,165 S - 35 U.S.C. § 271.**

1. <u>**No Infringement on the Alleged Patent.**</u>

Plaintiff argued that the following products of Defendants infringed their patents with Registration Nos. US D984,688 S, D984,689 S, D984,690 S and D994,165 S ("Plaintiff's Patents"):[1]



*Figure 1: Defendants' Product. <u>See</u> Exhibit A, B and C attached for the proof of infringement provided by Plaintiff.*

The main pictures of Plaintiff's Patents are listed as below:

| D994,165 S | D984,688 S | D984,689. S | D984,690 S |
|---|---|---|---|
|  |  |  |  |

*Figure 2: Plaintiff's Four Patents At-Issue. See Exhibit I, J, K and L for the Four Patents.*

---

[1] *See* Am. Compl., [DE 6], ¶ 18.

From the product pages[2] provided by Plaintiff as evidence of the alleged infringement, there is no indication that any of the Defendants' products (*see* Figure 1) infringed the core claim of the Plaintiff's four patents, in all of which, Plaintiff Liuli Zhou used strings with lights embedded to put through each tube as step of a ladder, with all tubes forming the entire ladder. Such design was not adopted and reflected in any of Defendants' products. Defendants' products, such as Figure 3 below, featured colorful lights intruding out of the strings, which was correctly patented by Defendants. See further explanation in subsection 4 of this Section A.

 

*Figure 3: Yihaiyang's Ladder Light.*[3]   *Figure 4: Patent No. US D984,688 S, p. 9.*

The designs in all the four patents also feature a hanging gravity pendant on the right or left lower side of the four patented designs, which are not shown in any of Defendants' products. *See* Figure 6 below and Figure 1 for Defendants' products.



*Figure 6: Gravity Pendant for All 4 Patents*

---

[2] *See* Exhibit A, B and C for the alleged infringement evidence provided by Plaintiff.

[3] *See* Exhibit B.

Thus, Defendants did not infringe any of the core claims of the ornament designs of the four patents at issue. Plaintiff failed to state a claim that warrants relief.

**2. On-Sale Bar.**

Assuming, Plaintiff has a claim based on the four patents at-issue, Plaintiff is still barred by the prior sale to raise the claims in the Amended Complaint [DE 6].

**"**A person shall be entitled to a patent unless," *inter alia*, "the invention was ... in public use or on sale in this country, more than one year prior to the date of the application for patent." 35 U.S.C. 102(b).

"Section 102(b) of the Patent Act of 1952 provides that no person is entitled to patent an "invention" that has been "on sale" more than one year before filing a patent application." *Pfaff v. Wells Electronics, Inc.*, 525 U.S. 55, 57 (1998).

For the On-Sale Bar, *Pfaff* set forth a 2-prong test. "We conclude, therefore, that the on-sale bar applies when two conditions are satisfied before the critical date. First, the product must be the subject of a commercial offer for sale." *Id.*, at 67. "Second, the invention must be ready for patenting. That condition may be satisfied in at least two ways: by proof of reduction to practice before the critical date; or by proof that prior to the critical date the inventor had prepared drawings or other descriptions of the invention that were sufficiently specific to enable a person skilled in the art to practice the invention." *Id.*, 67-68.

In the instant case, Defendants' products had been on sale in the United States via the platform eBay back in 2020. Running a quick search on eBay, with the keyword "decoration ladder light," and sorting by "Time: newly listed," eBay will show plenty of listings of

decoration ladder lights same or at least similar to Defendants' products in reverse chronological order. EBay's showing of dates of listing does not include years. Thus, from the most vintage, to the old listings, the dates of the listings will be shown as month, day, HH:MM but NOT the year. *See* Exhibit D, E and F as examples.

Exhibit D as attached, shows the first page of the search result sorted by newly listed.[4] It starts from Jan-24 10:09, listed by amazingcitysas(17,557) 97%. *See* Exhibit D, p. 3, first listing. Apparently it is Jan. 24, 2024. All the way going down to Page 11, the listing with "Dec-31 07:55" was shown as the listing date by frlrainlike(605) 93.5%, which accordingly should be Year 2023. This can be corroborated by the discussion on eBay community. *See* eBay, *How can you find out exact date that the buy it now listings was created on?, available at* https://community.ebay.com/t5/Buying/How-can-you-find-out-exact-date-that-the-buy-it-now-listings-was/td-p/31759203, last visited Jan. 26, 2024. It goes down all the way to Nov-12 11:20 at the bottom of Exhibit D. *Id*., p. 12.

Exhibit E shows the second page of the search result.[5] It starts from Dec-28 11:19, listed by romarg_60 (929) 98.6%. *See* Exhibit F, p. 3, first listing. Since last one in Exhibit D was Nov-12, 2023, this listing's date should be Dec-28, 2022. It goes down in reverse chronological order in the same year to "Oct-25 12:54" in Page 12 with title *LED Christmas Light - 10FT Christmas Deortivve Ladder Lights with Santa Clause*. *See* Exhibit E, p. 12, second to the last listing. At the bottom of Page 12, "Nov-28 11:52" was shown as the listing with title *9.8FT LED Ladder Lights with Climbing Santa Claus Christmas Decorative Light*. This date should be Nov., 28, 2021.

---

[4] Available at https://www.ebay.com/sch/i.html?_from=R40&_nkw=decoration+ladder+lights&_sacat=0&_sop=10&_pgn=1, last visited Jan. 26, 2024.

[5] Available at https://www.ebay.com/sch/i.html?_from=R40&_nkw=decoration+ladder+lights&_sacat=0&_sop=10&_pgn=2, last visited Jan. 26, 2024.

Accordingly, Defendants' ladder lights were largely sold back in Dec. 2020. *See* Exhibit F, p. 4-12. See Figure 7 and 8 below. Thus, the second prong of readiness for patent is satisfied. The new feature added into Plaintiff's four patents at-issue, such as the gravity pendant, the strings with lights embedded putting through the tubes that form the steps of the ladders in the four patents, were not part of all Defendants' products. *See* Figure 1 and 2. The earliest date of applications of the four patents was Jun. 1, 2022 for US D984,688 S. *See* Plaintiff's four patents. More than one year prior to the date of Jun. 1, 2022, products same as Defendants' products were sold on eBay, and maybe other platforms. Obviously, such ladder lights had never been a novelty for Christmas decoration.

  

*Figure 7: Sample Listing on eBay.*[6]     *Figure 8: Another Sample Listing on eBay.*[7]

**3. Obviousness**

"A patent is invalid when "the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art." 35 U.S.C. § 103(a)." *STS Software Systems, LTD v. Witness Systems, Inc.*, CIVIL ACTION No. 1:04-CV-2111-RWS, at *9 (N.D. Ga. Mar. 6, 2007).

---

[6] *See* Exhibit G, p.3, listed by familyfindsgalore on Nov-12 10:05.

[7] *See* Exhibit G, p.3, listed by kris_and_kish570283 on Nov-9 14:33.

If Plaintiff wanted to claim the design of the ladder as a patent, with which as a ground Defendants were accused in the instant case, then Plaintiff's design is subject to the attack of obviousness. The shape of the ladder with the triangle on the top, was made to a person having ordinary skill in the art. *Id.*

**4. Defendants' Own Patent.**

Defendants are the owner and/or authorized users of the US Patent No. D1,005,530 S for Ladder Light. *See* below Figure 9, which is shown on Page 1 of Exhibit H attached, US Patent No. D1,005,530 S, Ladder Light. See Exhibit M for Defendants' Affidavit of Ownership of Patent in Support to Motion to Dismiss.



Figure 9: Defendants' Patent of Ladder Light

Defendants' ornament design patent features the lights protruding from the side-string of the ladder, corresponding to Defendants' products (*See* Figure 1). It is different from Plaintiff's one that features embedded lights with flat surface.

Thus, Defendants' products were based on their own patent rather those of Plaintiff.

**B. Conclusion.**

Plaintiff failed to state a claim as Defendants' products are manufactured based on their own patent featuring the protruding lights on the side string of ladders, but not the embedded

lights putting through the steps of ladders as designed by Plaintiff. Meanwhile, Defendants did not adopt the new idea of strings putting through steps of ladders in their products. Thus, Plaintiff frivolously sued Defendants for products that Defendants were authorized to use.

Secondly, assuming, *arguendo*, there were infringement, Plaintiff's claim is subject to On-Sale Bar as prior to the earliest date of applications of the four patents Jun. 1, 2022, the products same or similar to Defendants' products were on sale in the United States via eBay.

Thirdly, Plaintiff's claim, specifically against Defendants, is invalid due to its obviousness.

**WHEREFORE**, Defendants, "Yihaiyang," "Haoluo," and "zixiaxu", by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby requests that this Court dismiss the Complaint [DE 1] and the Amended Complaint [DE 6] in its entirety.

Respectfully submitted on Jan. 26, 2024.

/s/ Jianyin Liu
FBN: 1007675
Jianyin Liu, Esq. Attorney
The Law Offices of James Liu PLLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209 6188
Email: jamesliulaw@gmail.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was sent to all parties via CM/ECF on this January 26, 2024.

/s/ Jianyin Liu