UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-24601-CIV-ALTONAGA/Reid

LIULI ZHOU,

      Plaintiff,
v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A",

      Defendant.
_____/

**ORDER SETTING BENCH TRIAL AND PRE-TRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MATTERS TO MAGISTRATE JUDGE**

**THIS CAUSE** is set for trial during the Court's two-week trial calendar beginning on **January 27, 2025**. Calendar call will be held at **9:00 a.m. on Tuesday, January 21, 2025**. No pre-trial conference will be held unless a party requests one and the Court determines that one is necessary. The parties shall adhere to the following schedule:

**February 23, 2024**. The parties shall select a mediator in accordance with Local Rule 16.2; schedule a time, date, and place for mediation; and jointly **file a proposed order scheduling mediation** in the form specified on the Court's website, http://www.flsd.uscourts.gov. If the parties cannot agree on a mediator, they shall notify the Clerk in writing as soon as possible, and the Clerk shall designate a certified mediator on a blind rotation basis. Counsel for all parties shall familiarize themselves with and adhere to all provisions of Local Rule 16.2. Within **seven (7) days** of mediation, the parties are required to file a mediation report with the Court. In accordance with the procedures outlined in the CM/ECF Administrative Procedures, the proposed order must be emailed to altonaga@flsd.uscourts.gov in Word format.

**March 15, 2024**. All motions to amend pleadings or join parties are filed.

**September 3, 2024**. Parties exchange expert witness summaries or reports.

**September 16, 2024**. Parties exchange rebuttal expert witness summaries or reports.

**September 30, 2024**.  All discovery, including expert discovery, is completed.[1]

**October 7, 2024**.  Parties must have completed mediation and filed a mediation report.

**October 15, 2024**.  All pre-trial motions are filed.

**November 12, 2024**.  Parties must file and submit joint pre-trial stipulation and proposed findings of fact and conclusions of law.  No motions in *limine* or *Daubert* motions are permitted, given this will be a bench trial.

**Referral to Magistrate Judge**. Pursuant to 28 U.S.C. section 636 and this District's Magistrate Judge Rules, all discovery matters are referred to Magistrate Judge Lisette M. Reid. Furthermore, in accordance with 28 U.S.C. section 636(c)(1), the parties may consent to trial and final disposition by Magistrate Judge Reid.  **The deadline for submitting a consent is October 15, 2024**.

**Discovery**. The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions.  The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above.  Stipulations that would so interfere may be made only with the Court's approval. *See* Fed. R. Civ. P. 29.  In addition to the documents enumerated in Local Rule 26.1(b), the parties shall not file notices of deposition with the Court.  Strict compliance with the Local Rules is expected, particularly with regard to motion practice.  *See* S.D. Fla. L.R. 7.1.

**Discovery Disputes**.  The parties shall comply with the discovery procedures provided in the document titled, "Standing Discovery Order for Magistrate Judge Lisette M. Reid," available on the Court's website.  **No written discovery motions, including motions to compel, for protective order, or related motions for sanctions shall be filed.**  Counsel must actually confer and engage in reasonable compromise in a genuine effort to resolve their discovery disputes before

---

[1] The parties by agreement, and/or Magistrate Judge Reid, may extend this deadline, so long as such extension does not impact any of the other deadlines contained in this Scheduling Order.

2

CASE NO. 23-24601-CIV-ALTONAGA/Reid

seeking the Court's intervention. The Court may impose sanctions, monetary or otherwise, if it determines discovery is being improperly sought or is being withheld in bad faith. If, after conferring, the parties are unable to resolve their discovery dispute without Court intervention, the moving party must seek relief within fifteen (15) days of the occurrence of the grounds for relief by filing a discovery memorandum, seeking, for example, to compel or for protective order. After filing a discovery memorandum, the moving party may request a discovery hearing by sending an email to reid@flsd.uscourts.gov with the subject line: "Request for Discovery Hearing on [Case Number]." Specific requirements for that email are outlined in the "Standing Discovery Order for Magistrate Judge Lisette M. Reid" document available on the Court's website.

**DONE AND ORDERED** in Miami, Florida, this 5th day of February, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record